**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **COMMODITY FUTURES TRADING COMMISSION,**<br>**Plaintiff,**<br><br>**v.**<br><br>**MICHAEL J. SALERNO,**<br>**BLACK DIAMOND FOREX LP,**<br>**BDF TRADING LP (d/b/a Advanta FX), and**<br>**ADVANTA CAPITAL MARKETS, INC. (d/b/a Advanta FX),**<br><br>**Defendants,**<br><br>**and**<br><br>**BLACK DIAMOND INVESTMENT GROUP LLC,**<br>**ADVANTA CAPITAL MARKETS LTD., f/k/a BLACK DIAMOND CAPITAL LTD., f/k/a BLACK DIAMOND FOREX LTD.,**<br><br>**Relief Defendants.** | **No. 18 CV 1585**<br><br>**Honorable Cynthia M. Rufe** |

**CONSENT ORDER FOR PRELIMINARY INJUNCTION AND OTHER ANCILLARY RELIEF AGAINST DEFENDANT MICHAEL J. SALERNO**

On April 17, 2018 Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint against the Defendants, Michael J. Salerno ("Salerno") and his companies Black Diamond Forex LP, BDF Trading LP (a/k/a "Advanta FX"), and Advanta Capital Markets, Inc. (a/k/a "Advanta FX") (collectively, the "Black Diamond Entities"), and Relief Defendants Black Diamond Investment Group LLC ("BDIG") and Advanta Capital Markets Ltd. ("ACMLtd") (BDIG and ACMLtd collectively, "Relief Defendants"), seeking

injunctive and other equitable relief for anti-fraud violations of the Commodity Exchange Act (the "Act"), 7 U.S.C. §§ et seq. (2012), and Commission Regulations ("Regulations") promulgated thereunder, 17 C.F.R. §§ et seq. (2017) [Dkt #1]. On April 17, 2018, this Court entered an *ex parte* Statutory Restraining Order against the Defendants and Relief Defendants [Dkt. # 5], and scheduled a hearing on the CFTC's Motion for Preliminary Injunction [Dkt. #3].

Salerno, without admitting the allegations of the Complaint for the purposes of this Consent Order of Preliminary Injunction and Other Ancillary Relief ("Order"), except as to jurisdiction and venue, which he admits, consents to the entry of this Order and states that the consent is entered voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, to induce him to consent to this Order.

**THE PARTIES AGREE AND THE COURT, AFTER A HEARING HELD THIS DATE, FINDS THAT:**

1. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (2012) (federal question jurisdiction) and 28 U.S.C. § 1345 (2012) (district courts have original jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress). This Court has jurisdiction over the subject matter of this action and Defendant Salerno hereto pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2012), which authorizes the CFTC to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2012), in that Defendant Salerno is found in, inhabits, or transacts business in this

district, and the actions and practices in violation of the Act have occurred, are occurring, or are about to occur within this district, among other places.

3. Defendant Salerno enters his appearance and acknowledges receipt of the Summons and Complaint, and waives formal service of summons.

4. Defendant Salerno waives the entry of findings of facts and conclusions of law for purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## I. DEFINITIONS

1. For purposes of this Order, the following definitions apply:

"Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts including bank accounts and accounts at financial institutions, brokerage firms or futures commission merchants, credits, receivables, lines of credit, contracts including spot and futures contracts, insurance policies, prepaid debit and/or gift cards, and all cash and cash equivalents, wherever located.

2. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes but is not limited to: writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, electronic mails, business records and financial statements, personal and/or business tax records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

## II. INJUNCTIVE RELIEF GRANTED

**IT IS THEREFORE ORDERED THAT:**

1. Defendant Salerno, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, contractor or attorney of Defendant Salerno, and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Salerno, is restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

a. in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery that is made, or to be made, for or on behalf of, or with, any other person, other than on or subject to the rules of a designated contract market: (A) to cheat or defraud or attempt to cheat or defraud the other person; or (C) willfully to deceive or attempt to deceive the other person by any means whatsoever, in violation of Section 4b(a)(2)(A) and (C) of the Act, 7 U.S.C. § 6b(a)(2)(A), (C) (2012);

b. using the mails or any means or instrumentality of interstate commerce, directly or indirectly, in or in connection with any retail forex transaction: (1) to cheat or defraud or attempt to cheat or defraud any person; or (3) willfully to deceive or attempt to deceive any person by any means whatsoever, in violation of Regulation 5.2(b)(1) and (3) (2017), 17 C.F.R. § 5.2(b)(1), (3) (2017); and

c. from operating the websites of the Black Diamond Entities while in violation of Section 4b(a)(2)(A) and (C) and Regulation 5.2(b)(1) and (3);

**IT IS FURTHER ORDERED THAT:**

2. Salerno, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, contractor or attorney of Salerno, and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Salerno, is further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

a. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, 7 U.S.C. § 1a (2012));

b. entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3(yy), 17 C.F.R. § 1.3(yy) (2017)) for his personal account or for any account in which he has a direct or indirect interest;

c. (i) having any commodity interests traded on his behalf; (ii) controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests; or (iii) soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

d. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2017); and

e. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2017)), agent or any other officer or employee of any person (as that term is defined in Section 1a(38) of the Act, 7 U.S.C. § 1a(38) (2012)) registered, exempted from registration or required to be registered with the Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2017).

**IT IS FURTHER ORDERED THAT:**

3. Until further order of this Court, Defendant Salerno and each firm, bank, savings and loan, credit union, financial or brokerage institution, futures commission merchant, corporation, partnership, association, or other person or entity which holds controls, or maintains custody of any accounts, funds, securities, assets, or other property of Defendant Salerno or the Relief Defendants, is restrained, enjoined and prohibited, from directly or indirectly withdrawing, transferring, removing, dissipating, concealing, assigning, pledging, encumbering, disbursing, converting, selling, or otherwise disposing of, in any manner, any funds, assets, or other property of Salerno, wherever situated, including, but not limited to, all funds, personal property, money or securities held in safes, safety deposit boxes and all funds on deposit in any financial institution, bank or savings and loan account, including funds or property of prospective traders, employees, and/or contractors, wherever located, whether held in the name of Defendant Salerno, the Relief Defendants or otherwise.

4. Until further order of this Court, Defendant Salerno and all persons insofar as they are acting in the capacity of Defendant Salerno's agents, servants, successors, employees, contractors, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Salerno who receive actual notice of such order by personal service or otherwise, are restrained, enjoined and prohibited, from destroying, mutilating, concealing, altering, or disposing of, in any manner, any books, records, or other documents of Defendant Salerno and the Relief Defendants, including all such records concerning Salerno's employee and trader solicitation and/or hiring, and trading activities, wherever located.

**IT IS FURTHER ORDERED THAT:**

5. Within seven (7) days after entry of this Order, Defendant Salerno, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, contractor or attorney of Salerno, and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Salerno, shall remove or cause to be removed from the Internet: (a) all webpages posted, controlled, or authorized by them to be posted in which they market, promote, and advertise for the Black Diamond Entities, and/or solicit or recruit for traders, employees or contractors for the Black Diamond Entities, including but not limited to, www.blackdiamondforex.com, www.bdftrading.com, www.bdf-trading.com, www.bdfpayments.com, www.advantafx.com, and www.tradewithadvanta.com, (b) the Uniform Resource Locators ("URLs") associated with such domain names, and/or (c) any other domain name or URL created, operated, hosted and/or authorized by Salerno, in whole or in part. This includes, but is not limited to, submitting a removal request of the domain names associated with the aforementioned conduct and corresponding URLs to the appropriate web-host provider and/or domain name registrar.

6. Any person or entity providing web-hosting or domain name registration services in the United States (including, without limitation, GoDaddy Inc., Network Solutions LLC, Web.com, eNom, LLC, and Wix.com, Inc.), for: (a) any website, domain name or affiliated URL under the ownership or control of Salerno, in whole or in part, which Salerno uses to market, promote, and advertise for the Black Diamond Entities, and/or solicit or recruit for traders, employees or contractors for the Black Diamond Entities, including but not limited to, www.blackdiamondforex.com, www.bdftrading.com, www.bdf-trading.com, www.bdfpayments.com, www.advantafx.com, and www.tradewithadvanta.com, (b) the URLs associated with such domain names, and/or (c) any other domain name or URL created, operated, hosted and/or authorized by Salerno, in whole or in part, who receives actual notice of this Order by personal service or otherwise shall:

(a) remove or cause to be removed from the Internet all webpages within their control, which are posted or authorized to be posted, or to be posted or authorized by Salerno or any persons and entities insofar as they are acting in the capacity of an officer, agent, servant, employee, contractor or attorney of Salerno, in which Salerno uses to market, promote, and advertise for the Black Diamond Entities, and/or solicit or recruit for traders, employees or contractors for the Black Diamond Entities;

(b) preserve all documents related to any website operated, in whole or in part, under the names www.blackdiamondforex.com, www.bdftrading.com, www.bdf-trading.com, www.bdfpayments.com, www.advantafx.com, and www.tradewithadvanta.com, as well as any website(s) that is/are substantially identical in appearance to that such websites; and

(c) immediately notify counsel for the CFTC of any other web page or website operated or controlled by or on behalf of Salerno.

7. Within seven (7) days after entry of this Order, Defendant Salerno, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, contractor or attorney of Salerno, and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Salerno, shall remove or cause to be removed from the Internet, including but not limited to, removing from job search websites such as Indeed.com, Glassdoor.com, Craigslist.org, and LinkedIn.com, and social media platforms such as Facebook, Instagram and Twitter, and removing from all Black Diamond Entities' websites: (a) all job openings posted, controlled, or authorized by them to be posted in which they solicit or recruit for traders, employees or contractors for the Black Diamond Entities, and (b) all testimonials and reviews posted, controlled, or authorized by them to be posted that are related to the Black Diamond Entities.

8. The injunctive provisions of this Order shall be binding on Salerno, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee, contractor, or attorney of Defendant Salerno, and upon any person who receives actual notice of this Order by personal service or otherwise, including by United Parcel Service, Federal Express, or other commercial overnight service, electronic mail, or facsimile, insofar as he or she is acting in active concert or participation with Salerno.

**IT IS FURTHER ORDERED THAT:**

9. Defendant Salerno shall prepare, sign and file with the Court, subject to his constitutional rights, within twenty one (21) calendar days of the date of this Order, a complete and accurate accounting of all of Defendant Salerno's assets and liabilities, wherever located,

together with all funds Defendant Salerno received from and paid to others in connection with foreign currency transactions or purported foreign currency transactions. Such accountings shall include, without limitation, the identification of:

a. All funds, securities, commodity interests, assets and other property currently owned or controlled (legally, equitably or otherwise) directly or indirectly by Salerno, whether individually or jointly, including accounts or assets of Salerno held by financial institutions located inside and outside the territorial United States;

b. All funds, securities, commodity interests, assets and other property received directly or indirectly by Salerno, describing the source, amount, disposition, and current location of each listed item, including accounts or assets of Salerno held by financial institutions located inside and outside the territorial United States;

c. All funds, securities, commodity interests, assets and other property transferred or otherwise disposed of directly or indirectly by Salerno, describing the source, amount, disposition, and current location of each listed item, including accounts or assets of Salerno held by financial institutions located inside and outside the territorial United States;

d. The names and last known addresses, phone numbers and email addresses of each prospective trader, employee and contractor at the Black Diamond Entities from January 2017 to the present, including the dates of all risk capital deposits and/or risk deposits made, and any corresponding refunds of such deposits; and

e. The names and last known addresses of each bailee, debtor or other person or entity currently holding any funds, securities, commodity interests, assets or other property owned or controlled (legally, equitably or otherwise) by Salerno.

**IT IS FURTHER ORDERED THAT:**

10. Defendant Salerno and all persons insofar as they are acting in the capacity of Defendant Salerno's agents, servants, successors, employees, assigns, contractors, and attorneys, and all persons insofar as they are acting in active concert or participation with Salerno who receive actual notice of this order by personal service or otherwise, shall permit, and are restrained, enjoined and prohibited from refusing to permit, authorized representatives of the

CFTC to immediately inspect and copy, when and as reasonably requested, any books, records, or other documents of Salerno, including all such records concerning Defendant Salerno's solicitation, marketing, recruiting and/or hiring, and trading activities, wherever located, and whether they are in the possession of Defendant Salerno or others, either on or off the premises where they may be situated.

## III. BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED THAT:**

Pursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a-1(b) (2012), because Plaintiff CFTC is an agency of the United States of America and has made a proper showing, this Order is granted without bond.

## IV. SERVICE OF THE ORDER

**IT IS FURTHER ORDERED THAT** copies of this Order may be served by any means, including by way of personal service, United Parcel Service, Federal Express, or other commercial overnight service, electronic mail, facsimile, or pursuant to Rule 5 of the Federal Rules of Civil Procedure, or Articles 2 through 10 of the Hague Convention, Service Abroad of Judicial and Extrajudicial Documents, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Salerno, or that may be subject to any provision of this Order. Joy McCormack, Elizabeth Streit, Ray Lavko, Venice Bickham, and Barry Blankfield, employees of the CFTC, are hereby specially appointed to serve process, and/or effectuate service of process, including this Order and all other papers in this cause.

## V. SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED THAT** the Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Plaintiff CFTC by delivering a copy to Elizabeth Streit, Chief Trial Attorney, or Barry Blankfield, Senior Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 525 West Monroe Street, Suite 1100, Chicago, Illinois, 60661, and/or by filing such pleadings or other materials electronically with the Court pursuant to the Court's requirements.

## VI. COURT MAINTAINS JURISDICTION

**IT IS FURTHER ORDERED THAT:**

This Order shall remain in full force and effect until further order of the Court, and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action. This Order supersedes the Statutory Restraining Order entered by this Court on April 17, 2018 [Dkt. #5]. Nothing herein shall prevent any party from seeking relief from or amendments to this Order.

**IT IS SO ORDERED**.

DATED: May 15, 2018

/s/ Cynthia M. Rufe
The Honorable Cynthia M. Rufe
United States District Court Judge